UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JERRY D. MCCORVEY                                                                              PLAINTIFF

VERSUS                                                    CIVIL ACTION NO. 1:10CV479-LG-RHW

US FOOD SERVICE, INC.                                                                          DEFENDANT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

This matter is before the Court *sua sponte*. On September 30, 2010, Plaintiff Jerry D. McCorvey filed the instant *pro se* complaint alleging race-based discrimination under Title VII of the Civil Rights Act of 1964. He was granted *in forma pauperis* status on November 9, 2010. Plaintiff then filed an amended complaint on January 6, 2011. On January 25, 2011, Ermea J. Russell made an entry of appearance as counsel of record for Plaintiff.

On April 19, 2011, the undersigned conducted a telephonic case management conference and entered a case management order. As part of the case management order, the Court scheduled a settlement conference to be conducted on December 6, 2011, at 1:30 p.m. Parties were advised "to be present unless specifically excused." On November 14, 2011, the Court sent to counsel for both parties a reminder of the settlement conference and directed that "PARTIES AND/OR COMPANY REPRESENTATIVES ARE TO BE PRESENT AT THE CONFERENCE." At the appointed date and time for the settlement conference, counsel for Defendant appeared. Neither Plaintiff nor Plaintiff's counsel appeared for the conference. The Court has not received any communication from Plaintiff's counsel advising that she would be unable to appear or explaining her absence.

The Court then entered an [21] Order to Show Cause, with a response deadline of

December 16, 2011.  In the show cause order, the Court directed Plaintiff to explain in writing why this lawsuit should not be dismissed for failure to prosecute or why the Court should not enter any other sanctions deemed appropriate based on Plaintiff's failure to appear.  The December 16th deadline has passed by more than a month.  Plaintiff has not filed a response to the show cause order; nor has Plaintiff or his counsel had any communication with the Court regarding the status of this lawsuit.  Based on Plaintiff's silence, the undersigned concludes that Plaintiff does not intend to pursue his lawsuit at this time.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's lawsuit be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 27th day of January, 2012.

*s/ Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE